# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CHRISTOPHER LEE CASEY, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>MIKE MURRY, Warden; )<br>ATTORNEY GENERAL OF )<br>THE STATE OF OKLAHOMA, )<br>)<br>Respondents. ) | Case No. CIV-14-626-R |

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging a September 21, 2010 conviction resulting from his guilty plea. Doc. 1.[1]

United States District Judge David L. Russell referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B), (C). Doc. 5. The undersigned then examined the petition, along with its incorporated brief, and ordered a response. Docs. 1, 2, 9. Respondent filed a motion to dismiss with supporting brief. Docs. 11, 12. Petitioner responded. Doc. 15. After careful review, the undersigned recommends dismissal of the action as untimely.

---

[1] Citations reflect this Court's CM/ECF designation and pagination.

I. **Analysis.**

A. **Period of limitation.**

Petitioner's habeas action is subject to a one-year period of limitation under the Anti-Terrorism and Effective Death Penalty Act (AEDPA). The clock on that one-year period generally begins to run when "the judgment bec[omes] final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner pled guilty to the offense of Lewd Acts with a Minor in Case No. CF-2010-201 in the District Court of Comanche County, Oklahoma, on September 21, 2010. Doc. 1, at 1; Doc. 2 at 1-4; Doc. 12, at Exs. 1, 2; Doc. 15, at 1.[2] On that same date, the state district judge sentenced him to twenty years of imprisonment with ten years suspended. Doc. 1, at 1. He did not attempt to withdraw his plea and did not appeal his conviction. *Id.* at 1-2; Doc. 15. As a result, his conviction became final ten days later – on October 1, 2010 – and the one-year period of limitation began to run on that date. *See Fleming v. Evans*, 481 F.3d 1249, 1255 (10th Cir. 2007) (stating that a conviction became final ten days after an Oklahoma defendant's entry of a guilty plea in the absence of a

---

[2] Petitioner indicated by checking various boxes in his form petition that he entered a not guilty plea and proceeded to a judge-only trial. Doc.1, at 1-2. That this indication was inadvertent is established by Petitioner's incorporated brief in which he complains only of actions by his trial counsel and abuse of discretion by the trial court, both in connection with his guilty plea. *See* Doc. 2.

timely motion for withdrawal or direct appeal). The period of limitation expired one year later, on October 2, 2011. *See United States v. Hurst*, 322 F.3d 1256, 1260-61 (10th Cir. 2003) (adopting the "anniversary method" wherein "'the day of the act . . . from which the designated period of time begins to run shall not be included'" (citation omitted)). But, as Respondent notes, because October 2, 2011 was a Sunday, Petitioner had until Monday, October 3, 2011 to file his federal habeas petition. Doc. 12, at 2. Petitioner filed his petition seeking federal habeas relief in this Court on June 10, 2014, at the earliest.[3] So absent a different accrual date or any tolling of the limitation period, Petitioner's application for habeas relief was untimely by over two and a half years.

**B.    Alternate accrual date.**

In completing the portion of his form petition requiring him to "explain why the one year statute of limitations, as contained to 28 U.S.C. § 2244(d) does not bar your petition," Petitioner stated that he was a first-time offender who was unaware that his trial counsel had not represented him during the plea proceedings as "accorded by the constitution." Doc. 1, at 13. He stated that "he

---

[3]    The petition was received and file-stamped in this Court on June 16, 2014. The court, however, deems the petition filed on the day Petitioner gave it to prison authorities for mailing. *Fleming,* 481 F.3d at 1255 n.2 (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)). The undersigned assumes a filing date of June 10, 2014, the date Petitioner signed the petition and placed it in the prison mailing system. Doc. 1, at 14.

did not know that his counsel had abandoned him during the proceedings and [had] failed to protect [his] interest until he was allowed to visit with appellant counsel and the legal research facilities in prison . . . ." *Id.*

If Petitioner intended to implicate 28 U.S.C. § 2244(d)(1)(D) and suggest that the period of limitation did not begin to run until he learned of the "factual predicate" of his habeas claims, this provision is inapplicable in this case. Petitioner was aware of the factual circumstances of his guilty plea – he was present. Petitioner "was sworn [in] and responded to questions under oath." Doc. 12, Ex. 1, at 4; *see id.* Ex. 2, at 3-9. His later understanding of the legal significance of those facts does not delay the start of the period of limitation. *See Klein v. Franklin*, 437 F. App'x 681, 684 (10th Cir. 2011) (The "limitations period begins to run when the petitioner knows of the facts giving rise to the habeas claim; it is not required that he or she understand the legal significance of those facts.").

### C. Tolling of the period of limitation.

#### 1. Statutory tolling.

Statutory tolling is available when, during the one-year limitation period, a petitioner properly files a petition for collateral review in the state trial court. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner did not file an application for post-conviction relief until October 9, 2012. Doc. 1, at 3. As a result, his application

4

for post-conviction relief did not statutorily toll his period of limitation, and he does not claim otherwise. *See Clark v. Oklahoma*, 468 F.3d 711, 714 (10th Cir. 2006) ("Only state petitions for post-conviction relief filed within the one year allowed by AEDPA will toll the statute of limitations.").

### 2. Equitable tolling.

In appropriate circumstances, the limitations period may also be tolled for equitable reasons. *See Holland v. Florida*, 560 U.S. 631, 644 (2010). Nonetheless, equitable tolling would be available only if an extraordinary circumstance stood in Petitioner's way and prevented timely filing. *See id.* at 649; *see also Gibson v. Klinger*, 232 F.3d 799, 808 (10th Cir. 2000) ("AEDPA's one-year statute of limitations is subject to equitable tolling but only in rare and exceptional circumstances.") (internal quotation marks omitted). Examples of when equitable tolling may be appropriate include: (1) actual innocence; (2) "an adversary's conduct – or other uncontrollable circumstances – prevents a prisoner from timely filing"; or (3) when a prisoner has actively pursued judicial remedies but filed a defective pleading during the statutory time period. *Gibson,* 232 F.3d at 808. And, to warrant equitable tolling, "a petitioner must diligently pursue his federal habeas claims . . . ." *Id.* It is Petitioner's burden to prove entitlement to equitable tolling. *See Miller v. Marr*, 141 F.3d 976, 977 (10th Cir. 1998).

In his response to Respondent's motion to dismiss, Petitioner claims he was not made aware of the AEDPA limitation period "before or after his signing of his guilty plea." Doc. 15, at 1.[4] He maintains that his "first 7 months were within the private prison, Lawton Correctional Facilities, which has an active record of being locked down for extended periods of time and during those periods the petitioner was not able to go research at the law library." *Id.* He claims that because he "was not advised of this AEDPA act he did not tell the law library supervisor that he was under a deadline which would have given [him] the benefit of having access to the law library during those times of lock down." *Id.* at 2.

Petitioner's claims of ignorance of the law and of limited, but obviously not complete, access to legal resources do not support entitlement to equitable tolling. *See Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) ("[I]gnorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing.") (internal quotation marks omitted). Petitioner provides no facts from which the court could find that there are "rare and exceptional"

---

[4] Petitioner acknowledges that he was made aware at the time of his guilty plea of "his 10 day appeal time," but questions – rhetorically and without support – why there is no right under the Constitution to be advised at the time of entering a guilty plea in state court of the time limitation for filing a collateral challenge to that state conviction in federal court. Doc. 15, at 1-2. In any event, Petitioner does not claim that the state court (or his counsel) affirmatively prevented him from filing his federal habeas petition in a timely manner. *Id.*

6

circumstances that warrant equitable tolling. *Gibson*, 232 F.3d at 808; *see also Miller*, 141 F.3d at 978 (fact that petitioner "simply did not know about the limitation in the AEDPA" does not warrant equitable tolling).

Furthermore, even if Petitioner could show rare and extraordinary circumstances justifying some equitable tolling of the limitation period, he must also demonstrate that he has diligently pursued his federal claims, which he fails to do. *See Gibson,* 232 F.3d at 808; *Marsh*, 223 F.3d at 1220. "[T]his Circuit has generally declined to apply equitable tolling when it is facially clear from the timing of the state and federal petitions that the petitioner did not diligently pursue his federal claims." *Burger v. Scott*, 317 F.3d 1133, 1141 (10th Cir. 2003); *Sigala v. Bravo*, 656 F.3d 1125, at 1128 (10th Cir. 2011) (requiring petitioner to "vigorously attempt[] to ensure his habeas petition was timely filed").

## II. Recommendation and notice of right to object.

For the stated reasons, the undersigned recommends that Petitioner's action seeking habeas corpus relief be dismissed as untimely.

The undersigned advises the parties of their right to file an objection to this Report and Recommendation with the Clerk of this Court on or before October 8, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The undersigned further advises the parties that failure to file a timely objection to this Report and Recommendation waives their right to appellate

7

review of both factual and legal issues contained herein. *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

ENTERED this 18th day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE